#### UNITED STATES DISTRICT COURT
#### DISTRICT OF MINNESOTA

| | |
|---|---|
| Nikita Dixon, | Case No. 23-cv-1931 (PAM/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tracy Beltz, Department of Corrections, and Paul Schnell, | |
| Respondents. | |

On August 11, 2023, this Count entered an order requiring Petitioner Nikita Dixon to show cause why this Court should not recommend dismissing Dixon's "Petition for Writ of Habeas Corpus," Docket No. 1 ("Petition"), for failure to exhaust state-court remedies under 28 U.S.C. § 2254(b) and/or failure to comply with the statute of limitations of 28 U.S.C. § 2244(d).  *See* Order 5, Docket No. 7.  The Court gave Dixon 28 days—that is, until September 8, 2023—to comply.  Dixon has not responded.

The earlier Order already laid out the history of Nixon's state-court proceedings, *see id.* at 1–2, so the Court will not repeat that discussion here.  With respect to exhaustion, Nixon has done nothing to show how he has exhausted the Petition's arguments in Minnesota state court.  *See id.* at 3 (discussing exhaustion requirement).  As for the relevant statute of limitations, Nixon has similarly done nothing to explain how his 2013 challenge to a 2018 conviction complies with § 2244(d).  *See id.* at 3–5 (discussing limitations requirements).  Given these failures, the Court recommends denying the Petition under § 2254(b)(1) and § 2244(d).  Given this recommendation, the Court further recommends denying as moot Nixon's application to proceed *in forma pauperis*, Docket No. 5, and dismissing this action.

As a final point, the Court addresses whether to grant Nixon a certificate of appealability ("COA"). Under 28 U.S.C. § 2253(c)(1)(B), "[u]nless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." Under § 2253(c)(2), "[a] [COA] may issue under [§ 2253(c)(1)] only if the applicant has made a substantial showing of the denial of a constitutional right." And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here the Court concludes that no reasonable jurist could disagree with the Court's procedural ruling, so the Court recommends denying Nixon a COA.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Petitioner Nikita Dixon's federal habeas petition, Docket No. 1, be **DENIED.**

2. Dixon's application to proceed *in forma pauperis*, Docket No. 5, be **DENIED** as moot.

3. This action be **DISMISSED**.

4. No certificate of appealability be issued.

Dated: October 12, 2023                     \_\_s/David T. Schultz_____
                                                                         DAVID T. SCHULTZ
                                                                         U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).